GROSS, J.
We affirm appellant’s convictions for grand theft, official misconduct, and falsifying records and write to address his contention that he was entitled to a judgment of acquittal on the count of official misconduct.
Section 838.022(l)(a), Florida Statutes (2007), makes it “unlawful for a public servant, with corrupt intent to obtain a benefit for any person or to cause harm to another, to ... [fjalsify, or cause another person to falsify, any official record or official document.” In this case, the basis for the official misconduct charge was that appellant falsified a campaign report as part of his campaign for mayor of Deer-field Beach. On appeal, appellant focuses on section 838.022(2)(a), which defines “public servant” as not “including] a candidate who does not otherwise qualify as a public servant,” for the argument that “he was not a public servant at the time of the alleged offense” but was “merely a candidate for public office.”
However, as the State argues, at the time appellant was a candidate for mayor, he “otherwise qualified] as a public servant” by virtue of his status as a city commissioner. Chapter 838 defines “public servant” as including “[a]ny officer or employee of a state, county, municipal, or special district agency or entity.” § 838.014(6)(a), Fla. Stat. (2007). The statute distinguishes a mere candidate from a public job or office holder in order to reach the evil of public servants misusing their office. Here, appellant was not just a candidate at the time of the offense; it was his dual status as a candidate and an incumbent commissioner that brought him within the ambit of the statute. This fact distinguishes this case from Clement v. State, 895 So.2d 446 (Fla. 2d DCA 2005), where the defendant was only a candidate who did not hold any public office at the time of the offense.

Affirmed.

WARNER, J., and STONE, BARRY J., Senior Judge, concur.